**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| |
|---|
| SAI RAM IMPORTS INC., *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> MEENAKSHI OVERSEAS LLC, <br><br> Defendant. |

Civil Action No.: 17-11872 (JLL)

**OPINION**

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant Meenakshi Overseas LLC's Motion to Dismiss Plaintiffs Sai Ram Imports Inc. d/b/a Sairam Imports Inc., Sands Impex Inc. d/b/a Asli Fine Foods, and Mitali Imports Inc.'s Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 10). Plaintiffs submitted opposition and Defendant has replied thereto. (ECF Nos. 18, 23). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons stated herein, Defendant's Motion to Dismiss Plaintiffs' Complaint is hereby granted.

## I. BACKGROUND[1]

Plaintiffs are American importers and distributors of sesame oil that is manufactured by the Indian company V.V.V. & Sons Edible Oils Limited ("VVV"). (ECF No. 1 ("Compl.") ¶¶ 1,

---

[1] This record is derived from Plaintiffs' Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009). However, the Court will supplement the record by taking judicial notice of public documents related to three other proceedings, which were not included in Plaintiffs' Complaint but are necessary to decide this motion. *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986).

13). VVV's sesame oil is contained in a distinct bottle with a blue cap and label, yellow lettering, and a photo of the Indian actress Jyotika Saravanan. (Compl. ¶ 15). Since 1986, VVV's sesame oil bottle has been branded with the word "IDHAYAM." (Compl. ¶ 15). "VVV's American importers and distributors – like the Plaintiffs in this case – typically purchase the IDHAYAM [sesame] oil from VVV, or its licensed exporters in India, then further distribute the [sesame] oil to Indian grocers and retailers across the United States." (Compl. ¶ 20). VVV has been exporting its sesame oil to the United States since 1998. (Compl. ¶¶ 1, 16).

Plaintiffs allege that Defendant registered "a wide array of trademarks" with the United States Patent and Trademark Office ("PTO") that are actually owned by other entities in an effort to mislead consumers into purchasing Defendant's products. (Compl. ¶ 32). On May 29, 2009, Defendant filed an application before the PTO to register the word IDHAYAM as a trademark for its own sesame oil. (Compl. ¶ 39). Defendant's sesame oil bottle has many similarities with VVV's sesame oil bottle: (1) both have blue caps and blue labels; (2) a picture of an Indian woman; and, (3) most importantly, the word IDHAYAM written in yellow letters on the right-hand side of the label. (Compl. ¶¶ 56, 59). In submitting its application, Defendant attested, through its agent that, among other things, Defendant believed it was entitled to use the IDHAYAM trademark in commerce. (Compl. ¶ 47). Defendant also attested that, to the best of its knowledge and belief, no other person or corporation has the right to use the trademark in commerce. (Compl. ¶ 47).

VVV filed opposition to Defendant's application, arguing that VVV had a superior claim of title and that Defendant lied in its application when it claimed it was unaware of any competitors. (ECF No. 10-1 at Ex. A). According to VVV, Defendant was "well-acquainted" with VVV's products before Defendant filed for a trademark. (*Id.*). Defendant denied VVV's accusations. (ECF No. 10-1 at Ex. B). On November 15, 2010, the Trademark Trial and Appeal Board

("TTAB") issued an order to show cause to VVV based on VVV's "apparent loss of interest" in the opposition proceedings, but VVV never responded. (ECF No. 10-1 at Ex. C). Accordingly, the TTAB entered judgment against VVV and dismissed VVV's opposition with prejudice on January 3, 2011 ("TTAB's 2011 Decision"). (ECF No. 10-1 at Ex. C). On August 2, 2011, the PTO registered IDHAYAM as a trademark for Defendant's sesame oil (Reg. No. 4006654 ("'654 mark")). (ECF No. 10-1 at Ex. D). Defendant also received trademarks for the words "IDHAYAM" and "IDHAYAM SOUTH INDIAN DELITE" for other related food products (Reg. No. 4225172 ("'172 mark"); Reg. No. 4334000 ("'000 mark") (collectively with the '654 mark, "IDHAYAM trademarks")). (Compl. ¶ 33; ECF No. 10-1 at Ex. I).

In December of 2014, VVV filed a petition with the TTAB to cancel Defendant's IDHAYAM trademarks based, in part, on VVV's purported entitlement to the trademark over Defendant. (ECF No. 10-1 at Ex. G). Around the same time, VVV filed a complaint with the District Court for the Eastern District of California, which also sought to invalidate the IDHAYAM trademarks in light of, among other things, VVV's purported entitlement to the trademark. (ECF No. 10-1 at Ex. H). Both the TTAB and the Eastern District of California dismissed VVV's claims as they pertain to the '654 mark, because the '654 mark's validity was already determined by the TTAB's 2011 Decision and, therefore, *res judicata* prohibited any further proceedings regarding same. (ECF No. 10-1 at Exs. I, J).[2]

After its claims regarding the '654 mark were dismissed, VVV moved to amend its Complaint in the Eastern District of California matter to include a claim that the '654 mark was procured through fraud. (ECF No. 10-1 at Ex. K). In its motion to amend, VVV stated that "[i]t

---

[2] In the Eastern District of California, Defendant has filed a motion to dismiss VVV's claims pertaining to the '000 and '172 marks, which VVV does not oppose. (ECF No. 10-1 at Ex. M). According to Defendant, the case before the TTAB has been suspended pending the Eastern District of California's resolution of its case. (ECF No. 10 at 14 n.6).

3

would be of no moment for [VVV] to provide the facts it has at hand to a third-party [sic] and allow that third-party [sic] to seek the declaratory judgment that [VVV] now seeks by way of the amended complaint." (ECF No. 10-1 at Ex. K). The Eastern District of California found that it would be "frivolous" to allow VVV to amend, explaining that *res judicata* "bars all grounds for recovery which could have been asserted" and that VVV could have asserted this argument before the TTAB. (ECF No. 10-1 at Ex. L).

Defendant sent cease and desist letters to Plaintiffs, demanding that they stop importing and selling VVV's IDHAYAM sesame oil and related products. (Compl. ¶ 4). Accordingly, Plaintiffs filed this action on November 20, 2017, seeking declaratory judgment finding that Plaintiffs are not infringing on Defendant's IDHAYAM trademarks and that Defendant procured the IDHAYAM trademarks through fraud. (Compl. ¶ 5). Plaintiffs allege that Defendant knew of VVV's IDHAYAM sesame oil long before Defendant filed its application for the IDHAYAM trademarks, which is the same argument VVV previously asserted in its opposition proceeding before the TTAB. (Compl. ¶¶ 39, 48–49; ECF No. 10-1 at Ex. A). To support this argument, Plaintiffs claim that Defendant transacted with VVV and its distributors to import VVV's products before it filed for the IDHAYAM trademarks. (Compl. ¶¶ 39–46). Defendant now moves to dismiss Plaintiffs' Complaint, arguing that Plaintiffs' claims were already decided by the TTAB's 2011 Decision and, therefore, are barred by *res judicata*. (ECF No. 10).

## II. <u>LEGAL STANDARD</u>

To withstand a motion to dismiss for failure to state a claim, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

4

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the Court must take three steps. "First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quotations and citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). As discussed further below, *Res judicata* may serve as the basis for a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) in appropriate circumstances. *Great W. Mining & Mineral Co. v. ADR Options, Inc.*, 882 F. Supp. 2d 749, 760 (D.N.J. 2012), *aff'd*, 533 F. App'x 132 (3d Cir. 2013).

### III. ANALYSIS

#### A. Claims related to the '654 mark

The central issue before the Court is whether Plaintiffs' claims pertaining to the '654 mark are precluded under *res judicata* because of the TTAB's 2011 Decision.[3] *Res judicata*, or claim

---

[3] An argument can be made for this case to be decided under issue preclusion, considering three court decisions have already upheld the '654 mark as valid. *Peloro v. United States*, 488 F.3d 163, 174 (3d Cir. 2007) (stating that issue

preclusion, bars claims that were brought, or that could have been brought, in a prior proceeding. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). *Res judicata* requires "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action." *Bd. of Tr. of Trucking Emp. of N. Jersey Welfare Fund, Inc. – Pension Fund v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992) (citing *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984)).

Typically, *res judicata* may not afford the basis for a dismissal for failure to state a claim unless it is "apparent on the face of the complaint." *Hoffman v. Nordic Nat., Inc.*, 837 F.3d 272, 280 (3d Cir. 2016) (quoting *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997)). "The ultimate purpose of this rule is to avoid factual contests at the motion to dismiss stage." *Id.* However, it is facially apparent that *res judicata* is applicable to this case for the reasons expressed below and because the facts pertaining to the Easter District of California and TTAB matters are not disputed by the parties.

1. Final Judgment

The first element of *res judicata* is that there was a final judgment on the merits in a prior suit. *Centra*, 983 F.2d at 504. The TTAB's 2011 Decision easily meets this element because a default judgment qualifies as a final judgment for *res judicata* purposes. *Matter of McMillian*, 579 F.2d 289, 293 n.6 (3d Cir. 1978). Moreover, "[w]hen an administrative agency[, like the TTAB,]

---

preclusion applies when an issue is the same as one in a prior action, was actually litigated and determined by a final judgment, and was essential to the prior judgment) (citations omitted); *see also Arizona v. California*, 530 U.S. 392, 412 (2000) (stating that issue preclusion can be raised *sua sponte*). There is also an argument to be made that this case can be dismissed under the Full Faith and Credit Clause, because, as discussed by Defendant, the Eastern District of California already issued a final judgment that *res judicata* applies to Defendant's claims for the '654 mark. (ECF No. 10 at 15). However, the Court will analyze this case under *res judicata* as it is the most clearly applicable doctrine and has been argued the most extensively by the parties. *CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1999). Indeed, even the case that Defendant relies on for its Full Faith and Credit analysis ultimately was decided on *res judicata* grounds. *See Caterpillar Tractor Co. v. Int'l Harvester Co.*, 120 F.2d 82, 86–87 (3d Cir. 1941). Therefore, the Court decides this case under *res judicata*.

is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1303 (2015) (applying issue preclusion to a TTAB decision); *see also PIC Inc. v. Prescon Corp.*, 485 F. Supp. 1302, 1308 (D. Del. 1980) (stating same in context of claim preclusion) (citing *United States v. Utah Constr. Co.*, 384 U.S. 394, 422 (1966)). Here, the TTAB was acting in a judicial capacity when it entered default judgment in favor of Defendant and the parties were given the opportunity to litigate or appeal the TTAB's decision, which VVV chose not to pursue. *See* 37 C.F.R. § 2.145(d) (stating that a party has sixty-three days to appeal a decision of the TTAB). Therefore, the TTAB's 2011 Decision qualifies as a final judgment on the merits.

2. Privity

Considering Plaintiffs were not parties to the TTAB's 2011 Decision, they must be found in privity with VVV in order for *res judicata* to apply. *Centra*, 983 F.2d at 504. The record in this case overwhelmingly supports the conclusion that Plaintiffs and VVV are in privity, or are otherwise closely connected enough in this case, to be prohibited from further litigation under *res judicata*. The United States Supreme Court has articulated exceptions to the general rule against nonparty claim preclusion in federal question cases, which included situations where there is a preexisting substantive legal relationship between a person to be bound and a party to a judgment, a nonparty was adequately represented by someone with the same interests who was a party, or where a nonparty assumed control or serves as a proxy for a party. *Taylor v. Strugell*, 553 U.S. 880, 894–95 (2008) (citations omitted).

Here, Plaintiffs have a preexisting legal relationship with VVV because, by their own admission, Plaintiffs are importers and distributors who purchase VVV's IDHAYAM sesame oil

7

from VVV or its exporters. (Compl. ¶¶ 1, 20). Plaintiffs have worked with VVV since VVV started exporting its product to the United States in 1998. (Compl. ¶ 1). This relationship makes Plaintiffs dependent on VVV, as Plaintiffs' business will be at a "stand-still" if they are not permitted to sell VVV's IDHAYAM sesame oil. (Compl. ¶ 73). Furthermore, some contractual relationship must exist between Plaintiffs and VVV in order for Plaintiffs to have any legal right in VVV's sesame oil. If Plaintiffs do not have a contractually created right to VVV's products, then Plaintiffs would lack any cognizable standing to pursue a declaratory judgment that they are not infringing on the IDHAYAM trademarks. *See Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 853–54 (1982) (explaining that a distributor or manufacturer can be "contributorily responsible" for the trademark infringement of the other).

Plaintiffs also appear to be acting as a proxy for VVV. The Court reaches this conclusion based on several factors. First, nearly every page of Plaintiffs' Complaint is used to discuss intimate details pertaining to VVV—including VVV's history, business model, growth, and relationship with Defendant—while only a handful of paragraphs even mention Plaintiffs. (See generally Compl.). Second, VVV would be a major beneficiary of the requested declaratory judgment, because such relief would authorize VVV to sell its IDHAYAM sesame oil despite three previous court rulings to the contrary from the TTAB and Eastern District of California. Finally, the facts and arguments relied on by Plaintiffs are derived from VVV's previous litigations. For example, Plaintiffs' fraud in the procurement claim is the same claim that VVV attempted to add to its Complaint before the Eastern District of California in its motion to amend the complaint. (*Compare* Compl. at p. 15, *with* ECF No. 10-1 at Ex. K). Notably, VVV has stated that, if it was not permitted to amend its Eastern District of California complaint to add a claim of fraud in the procurement, VVV could have a third-party bring a suit alleging that claim in its place. (ECF No.

10-1 at Ex. K). It appears that VVV has done exactly that: the Eastern District of California denied its motion to amend, (ECF No. 10-1 at Ex. L), and Plaintiffs filed this suit a few months later, (*see generally* Compl.). Considering Plaintiffs can be found in privity with VVV under the legal relationship and proxy exceptions articulated by *Taylor*, 553 U.S. at 894–95, the second element of *res judicata* has been met.

3. Same Cause of Action

To show that two cases arise from the same cause of action, the Court must find "an essential similarity of the underlying events" of both cases. *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984). In order to make this determination, the Court looks for similarities in the acts complained of and the facts alleged, the relief being sought, the theory of recovery, and the evidence necessary for trial. *Id.* (citations omitted). In applying these factors, the Court has compared the current case with the TTAB's 2011 Decision and finds that the cases are substantially similar. For example, Plaintiffs in this case are requesting a declaratory judgment that Defendant's IDHAYAM trademarks are invalid, (Compl. ¶ 74), which is the same relief originally sought by VVV before the TTAB, (ECF No. 10-1 at Ex. A). Additionally, both Plaintiffs' Complaint and VVV's Opposition to the '654 mark rely, in part, on the allegation that Defendant knew of VVV's sesame oil long before Defendant attempted to register the '654 mark. (*Compare* Compl. ¶ 39, *with* ECF No. 10-1 at Ex. A).

Plaintiffs argue that this case concerns a different cause of action because fraud in the procurement was not raised before the TTAB when it made its decision in 2011. (ECF No. 18 at 8). However, *res judicata* also bars all claims that "could have been raised" in the prior litigation. *In re Mullarkey*, 536 F.3d at 225. VVV, who Plaintiffs stand in privity with, certainly raised sufficient facts to allege fraud in the procurement during its opposition proceeding before the

TTAB. For example, VVV pleaded that "Defendant 'made false statements'" and "was 'attempting to perpetrate a fraud upon the [PTO].'" (ECF No. 10-1 at Ex. L). Based on this record, the Court reaches the same conclusion as the Eastern District of California and TTAB and finds that this case arises from the same cause of action as the TTAB's 2011 Decision. Therefore, Plaintiffs' claims pertaining to the '654 mark are barred by *res judicata*.

**B. All remaining claims**

The Court dismisses Plaintiffs' remaining claims under the first-filed rule, which states that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it."[4] *EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941)). The rule is intended to "encourage[] sound judicial administration and promote[] comity among federal courts of equal rank." *Id.* Pursuant to these principles, the first-filed rule allows courts to transfer, stay, or dismiss a case that is "materially on all fours" with a previously filed suit. *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 334 n.6 (3d Cir. 2007) (citations omitted). The issues in the two cases "must have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Id.* District Courts in the Third Circuit have applied the first-filed rule in situations where the parties in the second-filed suit are not identical because the shared subject matter of two cases "is more important." *Ivy-Dry, Inc. v. Zanfel Labs., Inc.*, Civil Action No. 08-4942, 2009 U.S. Dist. LEXIS 53307, at *14 (D.N.J. June 24, 2009).

Here, this Court is not the appropriate forum for Plaintiffs to challenge the validity of Defendant's IDHAYAM trademarks, because there are two pending cases before the TTAB and Eastern District of California considering the same issue. Specifically, the Eastern District of

---

[4] Even if *res judicata* was not applicable to Plaintiffs' claims pertaining to the '654 mark, the Court would dismiss same on the alternative grounds articulated in this section.

10

California is still determining the validity of the '000 and '172 marks and the TTAB has stayed its case on same pending the Eastern District of California's determination. (ECF No. 10-1 at Ex. M; ECF No. 10 at 14 n.6). For this Court to declare that Defendant's IDHAYAM trademarks are invalid would require it to outright overrule the TTAB and the Eastern District of California's decisions on the validity of the '654 mark and could lead to differing results with regards to the '000 and '172 marks. If Plaintiffs intend to contest the validity of Defendant's IDHAYAM trademarks, the appropriate forums to do so would be before the TTAB and the Eastern District of California, wherein VVV is currently pursuing the same claims. Because the TTAB and Eastern District of California cases were filed first and address the same issue as this case, *i.e.*, the validity of Defendant's IDHAYAM trademarks, the Court dismisses Plaintiffs' remaining claims under the principles of the first-filed rule.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss Plaintiffs' Complaint is hereby granted. An appropriate Order follows this Opinion.

Dated: April 30th, 2018

JOSE L. LINARES
Chief Judge, United States District Court